Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5302 | **DATE** | 12/20/2001 |
| **CASE TITLE** | USA ex rel. Eskhiria Gilyana vs. Jerry L. Sternes, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Respondent's motion to dismiss [10-1] is granted. Eskhiria Gilyana's petition for a writ of habeas corpus is dismissed with prejudice. Judgment is entered in favor of the respondent and against the petitioner. Any remaining motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 21 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RO | courtroom deputy's initials | DEC 20 PM 4:30 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| **United States of America** *ex rel.* **ESKHIRIA GILYANA,** ) ) ) | |
| **Petitioner,** ) ) | No. 01 C 5302 |
| v. ) ) | Judge Ruben Castillo |
| **JERRY L. STERNES, Warden,** ) **Dixon Correctional Center,** ) ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION AND ORDER

Eskhiria Gilyana petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, attacking his state court solicitation of murder for hire conviction. Gilyana raises eleven issues in his petition, including multiple trial court error and ineffective assistance of counsel claims. Respondent argues that Gilyana's habeas corpus petition is untimely, pursuant to § 2244, in that Gilyana filed his post-conviction petition more than six months after the denial of his direct petition for leave to appeal. Respondent asserts that, because the state courts determined that Gilyana's post-conviction petition was untimely without addressing the merits of the petition, the statute of limitations for filing his habeas corpus petition began to run on January 2, 1997. As Gilyana did not file his habeas corpus petition until July 2, 2000, after the statute of limitations had expired by more than two and a half years, Respondent contends that this Court must dismiss Gilyana's petition. After a thorough review of Gilyana's petition and a careful reading of the state court record, we dismiss his petition for a writ of habeas corpus, with prejudice, pursuant to 28 U.S.C. § 2244(d)(1). (R. 1-1.)



**RELEVANT FACTS**

When considering a habeas corpus petition, the Court presumes that the factual determinations of the state court are correct. 28 U.S.C. § 2254(e)(1). Accordingly, we adopt the facts as set forth by the Illinois Appellate Court in *People v. Gilyana*, No. 1-95-0569 (Ill. App. Ct. Mar. 21, 1996), and *People v. Gilyana*, No. 1-98-2075 (Ill. App. Ct. Mar. 10, 2000).

Gilyana was charged with the Class X felonies of solicitation of murder and solicitation of murder for hire. On November 22, 1994, following a bench trial before Judge William J. Hibbler, Gilyana was found guilty of solicitation of murder for hire. On January 10, 1995, Gilyana was sentenced to a prison term of twenty years, the minimum term for solicitation of murder for hire.

The evidence presented at trial established that Gilyana and Thomas "Rico" Younadam were brothers-in-law and held different opinions about the political situation in their native Iraq. In May 1993, Gilyana solicited and offered to pay $2,000 to Travis Harris to kill Younadam. Chicago police made court-authorized tape recordings of the conversations between Gilyana and Harris, and the tape recordings were introduced into evidence at trial. During one conversation, for example, after Harris falsely told Gilyana that he had killed Younadam, Gilyana laughed.

Gilyana appealed his conviction to the Illinois Appellate Court and raised the following issues: (1) the trial court erred in denying Gilyana's motion to suppress evidence obtained by an improperly granted application for a consensual overhear because the application was insufficient in that it failed to show reasonable cause that a crime was about to be committed and was based on uncorroborated hearsay; and (2) the trial court erred in denying Gilyana's request for a *Franks v. Delaware* hearing where it was shown through sworn testimony at trial that the informant

provided false information for the application. On March 21, 1996, the Illinois Appellate Court affirmed Gilyana's conviction. Gilyana filed a petition for leave to appeal to the Illinois Supreme Court, raising the same issues as above. On October 2, 1996, the Illinois Supreme Court denied Gilyana's petition for leave to appeal.

On April 21, 1997, Gilyana filed a petition for post-conviction relief and raised the following issues: (1) he was denied due process when the trial court failed to *sua sponte* ascertain whether he was taking psychotropic medicine under medical direction that would require a fitness hearing; (2) his due process rights were violated at sentencing when the pre-sentence investigation report stated that he was taking psychotropic medicine, and the court failed to hold a fitness hearing; (3) he was denied due process and the effective assistance of counsel when trial counsel, who had full knowledge of Gilyana's psychiatric treatment and his taking psychotropic medicine, failed to request a fitness hearing; (4) he was denied effective assistance of counsel when trial counsel failed to interview witnesses, substitute the judge and inform him of the State's plea offer. On April 29, 1998, the trial court dismissed Gilyana's post-conviction petition as untimely.

Gilyana appealed to the Illinois Appellate Court and raised the following issues: (1) the trial court erred in granting the State's motion to dismiss his post-conviction petition which raised the substantial constitutional violation that he was denied his right to a fitness hearing and his right to effective assistance of counsel when both the court and counsel had notice that he was taking psychotropic medication at the time of the trial and sentencing, but no fitness hearing was held; (2) his post-conviction petition, which was filed less than three weeks after the thirty days following the denial of Gilyana's direct petition for leave to appeal, should not have been

dismissed as untimely because the issue of fitness to stand trial may be raised at any time; and (3) even if the court determines that his post-conviction petition could be dismissed as untimely, any delay in filing was not due to Gilyana's culpable negligence because he was unable to obtain his trial records from appellate counsel despite his diligent efforts. On March 10, 2000, the Illinois Appellate Court affirmed the judgment of the trial court, finding that Gilyana's post-conviction petition was untimely and that he had not demonstrated a lack of culpable negligence.

On April 24, 2000, Gilyana filed a petition for leave to appeal to the Illinois Supreme Court and raised the following issues: (1) his post-conviction petition showed that the delay was not due to his culpable negligence; and (2) both the trial and appellate courts erred in denying him an evidentiary hearing to determine such and to allow him to overcome the prejudicial effects of procedural default in violation of his Fifth and Fourteenth Amendment rights. On July 5, 2000, the Illinois Supreme Court denied Gilyana's petition for leave to appeal.

Currently before the Court is Gilyana's petition for a writ of habeas corpus, filed on July 2, 2001. In his petition, Gilyana raises the following claims for relief: (1) he was denied effective assistance of counsel when appellate counsel failed to supply him with a copy of his appellate record with enough time to file a timely post-conviction petition; (2) the trial court erred in dismissing his post-conviction petition because the Illinois Supreme Court issued its mandate on October 24, 1996, which gave Gilyana until April 21, 1997 to file his post-conviction petition and not until October 2, 1996, as the court erroneously believed; (3) the trial court erroneously denied him a fitness hearing although he was taking various psychotropic medications from December 6, 1993 until the time of his conviction; (4) he was denied effective assistance of counsel when trial counsel failed to request a fitness hearing; (5) he was denied effective

4

assistance of counsel when trial counsel denied him his right to trial by jury by convincing him that he would receive a minimum sentence of thirty years if he was convicted; (6) he was denied effective assistance of counsel when trial counsel failed to honor his request for a substitution of judges; (7) he was denied effective assistance of counsel and due process of law when trial counsel failed to advise him that the prosecutor made a plea offer; (8) he was denied effective assistance of counsel when trial counsel failed to interview the State's witnesses prior to trial; (9) the trial court erred by denying his supplemental motion to suppress the evidence obtained pursuant to the judicial overhear order; (10) the trial court erred by denying an evidentiary hearing pursuant to *Franks v. Delaware*; and (11) he was denied effective assistance of counsel when appellate counsel only raised two of the claims that are raised in Gilyana's instant petition. On September 14, 2001, Respondent filed a motion to dismiss Gilyana's habeas petition as untimely. For the following reasons, Gilyana's petition for a writ of habeas corpus is dismissed.

## ANALYSIS

### I. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this case because Gilyana filed his 28 U.S.C. § 2254 petition after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under the AEDPA, a state prisoner who wants collateral relief from a federal court must file his federal petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000). For § 2254 petitions filed by persons convicted prior to the effective date of the AEDPA, the period of limitations began to run on April 24, 1996. *Gendron v. United States*, 154 F.3d 672, 675 (7th Cir. 1998). In other words, if a state prisoner was convicted prior to April 25, 1996, then under the AEDPA he would have until April 23, 1997 to file a timely petition. *Id.*

Pursuant to the AEDPA, however, the one-year limitations period is tolled for the "time during which a properly filed application" for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). The Seventh Circuit has created a clear rule for determining whether a state petition is "properly filed": If the state court considered the claim on its merits, it was properly filed; if it dismissed the claim for procedural flaws such as untimeliness, then the petition was not properly filed. *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000). The Post-Conviction Hearing Act ("PCHA") was amended, effective July 1, 1995, and now provides that no proceedings under the PCHA "shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed . . . or 3 years from the date of conviction, *whichever is sooner*, unless the petition alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122-1(c) (emphasis added).

In this case, Gilyana was convicted on November 22, 1994. The period for direct review expired on October 2, 1996, when the Illinois Supreme Court denied Gilyana's direct petition for

6

leave to appeal. Accordingly, under the PCHA, he had until April 2, 1997 to file his state post-conviction petition.[1] Because Gilyana did not file his petition for post-conviction relief until April 24, 1997, this petition -- dismissed as untimely and not adjudged on its merits -- was not properly filed.[2] As his post-conviction petition was not properly filed, it did not toll the time period for filing a federal habeas corpus petition. *See* 28 U.S.C. § 2244(d)(2); *Freeman*, 208 F.3d at 573-74. Thus, Gilyana had one year from January 2, 1997 to file his federal habeas corpus petition.[3] He did not file the instant petition until July 2, 2001, more than two and a half years after the statute of limitations had expired. Therefore, Gilyana's petition for a writ of habeas corpus is untimely.

---

[1] The Illinois Supreme Court issued its mandate to the Illinois Appellate Court on October 24, 1996. Gilyana, however, admits that "the operative date for the filing of [his] post-conviction petition was April 2, 1997, six months from the denial of his Petition for Leave to Appeal" on October 2, 1996. (R. 11-1, Resp't's Mot. to Dismiss, Ex. E, Gilyana's Post-Conviction Pet. for Leave to Appeal at 12.) Moreover, Gilyana concedes that, "[l]ess than three weeks after that date, [he] filed his *pro se* post-conviction petition . . . on April 21, 1997." (*Id.*)

[2] On December 18, 2001, Gilyana filed a supplemental motion to include additional authorities, which this Court hereby grants. (R. ___.) Unfortunately, the authorities cited by Gilyana do not support his "properly filed" argument in that the state courts in both cases dismissed the petitioners' post-conviction claims on the merits. *See Rice v. Bowen*, 264 F.3d 698, 701 (7th Cir. 2001) (finding that the state trial and appellate courts dismissed petitioner's post-conviction petition on the merits and that the appellate court held only in the alternative that the petition was untimely); *United States v. Cowan*, 158 F. Supp. 2d 884, 890 (N.D. Ill. 2001) (citing *Rice* and finding that the state appellate court did not clearly express that its decision rested on the tardiness of Cook's post-conviction petition; rather, it found "no issues of arguable merit"). In the instant case, however, Gilyana's post-conviction petition was unambiguously dismissed by the state trial and appellate courts as exceeding the statute of limitations. (R. 11-1, Resp't's Mot. to Dismiss, Ex. E, Gilyana's Post-Conviction Pet. for Leave to Appeal at 6.)

[3] Gilyana had ninety days from the October 2, 1996 denial of his petition for leave to appeal to file a petition for a writ of certiorari to the United States Supreme Court. He did not file such a writ. Therefore, the statute of limitations for filing his federal habeas corpus petition began to run on January 2, 1997, and Gilyana had until January 1, 1998 to file such a petition.

## II. Culpable Negligence

Gilyana argues that the delay in filing his petition for post-conviction relief was not due to his "culpable negligence" in that, despite his diligent efforts, he was unable to obtain his trial court record proceedings from appellate counsel with enough time to file a timely post-conviction petition.[4]

In affirming the judgment of the trial court, the Illinois Appellate Court found that Gilyana's post-conviction petition was untimely and that he had not demonstrated a lack of culpable negligence. (R. 11-1, Resp't's Mot. to Dismiss, Ex. F, Ill. App. Ct. Order Den. Gilyana's Post-Conviction Pet. at 13.) As stated above, the Seventh Circuit has held that this judgment "is a matter of state law only, and we must accept the state court's answer." *Freeman*, 208 F.3d at 575. Thus, "[n]ormal principles of issue preclusion . . . prevent [Gilyana] from getting a second opinion" from this Court on his culpable negligence argument.[5] *Id.*

---

[4] Gilyana also claims that his April 21, 1997 post-conviction petition was timely in that he had until April 24, 1997 to file the petition. This claim is refuted by Gilyana's own admissions before the Illinois Appellate Court. *See supra* note 1. Therefore, we reject this argument. Nevertheless, we are somewhat sympathetic to Gilyana's confusion as to the date on which the Illinois Supreme Court denied his petition for leave to appeal, and we advise the Illinois Supreme Court to be more clear regarding the date on which it issues its orders as opposed to the date on which it issues its mandate.

[5] We emphasize herein that, even if this Court were to fully address the merits of Gilyana's "culpable negligence" argument, we would be compelled by state law to reject his claim outright. *See, e.g., People v. Diefenbaugh*, 237 N.E.2d 512, 513 (Ill. 1968) (stating that petitioner's assertion that he was diligent in his attempt to obtain a copy of the trial court transcript to prepare his post-conviction petition did not justify his failure to file a timely post-conviction petition because, if the petitioner believed that a transcript was essential to the proper presentation of his cause, he had only to assert in his petition that he was unable to pay the cost of proceeding and the court could order that he be permitted to proceed as a poor person); *People v. Stenson*, 694 N.E.2d 204, 206 (Ill. App. Ct. 1998) (finding that petitioner's claim that he received incorrect advice from inmate law clerks was "insufficient to show a lack of culpable negligence"), *abrogated on other grounds by People v. Wright*, 723 N.E.2d 230 (Ill. 1999);

## III. Equitable Tolling

In his response to Respondent's motion to dismiss, Gilyana argues that the limitations period imposed under the AEDPA is not jurisdictional and that "[i]f an untimely petition demonstrates that a defendant suffered a deprivation of constitutional magnitude, a dutiful prosecutor may waive the procedural defect." (R. 15, Gilyana's Resp. to Mot. to Dismiss at 2-6.) This appears to be an argument in favor of equitable tolling.[6]

The AEDPA's one-year period of limitations is not jurisdictional and, therefore, is subject to equitable tolling. *Taliani v. Chrans*, 189 F.3d 597, 597-98 (7th Cir. 1999). Equitable tolling, however, is granted sparingly and only when "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). A run-of-the-mill claim of ignorance of the law is not sufficient to warrant the equitable tolling of a limitations period. *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (stating that the doctrine of equitable tolling aids plaintiffs who, because of "disability, irremediable lack of information, or other circumstances beyond his control cannot reasonably be expected to sue in time"). In fact, many courts have expressly held that equitable tolling does not

---

*People v. Perry*, 687 N.E.2d 1095, 1097-98 (Ill. App. Ct. 1997) (noting that "[f]reedom from culpable negligence is very difficult to establish" and finding that petitioner's untimely filing was not excused even though he had been given incorrect information regarding the statute of limitations in the prisoner handbook and the prison was on "lock-down"), *overruled on other grounds by People v. Woods*, 739 N.E.2d 493 (Ill. 2000); *People v. Lee*, 688 N.E.2d 673, 674-75 (Ill. App. Ct. 1997) (holding that petitioner's claim that he was incorrectly advised by appellate counsel of the statute of limitations for filing a post-conviction petition and that he lacked access to his trial transcripts and a law library were not sufficient to carry "his burden of proving lack of culpable negligence").

[6] We note that Respondent's motion to dismiss is remarkably unhelpful is aiding the Court in this respect, having failed even to consider, much less to discuss, the possibility of equitable tolling or Gilyana's contention regarding his lack of culpable negligence.

9

provide aid to those plaintiffs who fail to research the requirements of bringing a lawsuit. *See United States v. Cowan*, No. 98 C 8023, 2000 WL 1898467, at *2 (N.D. Ill. Dec. 22, 2000) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). *See also Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001); *United States v. Cook*, 105 F. Supp. 2d 1013, 1014-15 (E.D. Wis. 2000) (holding that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling") (quotation and citation omitted).

In this case, Gilyana appears to claim that his habeas petition is entitled to equitable tolling because: (1) there was confusion as to the date on which the Illinois Supreme Court denied his direct petition for leave to appeal; (2) he was unable to obtain his trial records from appellate counsel despite his diligent efforts; and (3) his claim of fitness was not subject to dismissal on timeliness grounds.[7] (R. 15, Gilyana's Resp. to Mot. to Dismiss.)

This Court concludes that Gilyana's claims do not establish "extraordinary

---

[7] Although Gilyana's petition may be disposed of purely on timeliness grounds, we wish to briefly address why his petition has no merit. The Illinois Supreme Court recently held that a defendant's claim that he was denied due process when he did not receive a fitness hearing, although he was taking psychotropic medication, is not cognizable on post-conviction review. *People v. Mitchell*, 727 N.E.2d 254, 262-67 (Ill. 2000). In the instant case, Gilyana did not raise the issue of his fitness for trial in his direct appeal. Thus, his fitness argument is barred. *E.g., People v. Hall*, 743 N.E.2d 126, 145-46 (Ill. 2000) (Bilandic, J., concurring). Moreover, despite Gilyana's allegation that he was taking psychotropic medication at or near the time of his trial, there is no evidence in the state court record indicating that Gilyana was unfit to stand trial. *See United States v. Dobucki*, 12 F. Supp. 2d 827, 830-31 (N.D. Ill. 1998) (Aspen, C.J.) (stating that "[i]f a party challenges fitness for trial post-trial, evidence of his behavior and demeanor during the court proceedings is relevant to the competency determination") (citation omitted). Similarly, Gilyana's multiple claims of ineffective assistance of both trial and appellate counsel would fail because of his inability to establish any prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Therefore, we reject Gilyana's attempt to "fire a silver bullet" into these proceedings long after his claims have been found to be both untimely and meritless.

circumstances" justifying equitable tolling. Though we sympathize with Gilyana's alleged inability to obtain his trial records, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Marcello*, 212 F.3d at 1010. Moreover, Gilyana's argument that the date of the Illinois Supreme Court's denial of his direct petition for leave to appeal was unclear "also makes no sense, because if it was unclear, [Gilyana] should have filed by the earliest possible deadline, not the latest." *Id.* (citing *Taliani*, 189 F.3d at 598). As has been noted by the Seventh Circuit in the context of equitable tolling, "habeas relief, by definition, is almost always sought by an incarcerated petitioner," and proceeding *pro se* with limited legal skills and limited access to legal materials is not an exceptional circumstance for a habeas petitioner. *McCaughtry*, 265 F.3d at 566. Therefore, Gilyana's petition for a writ of habeas corpus is untimely[8] and not subject to equitable tolling.

## CONCLUSION

For the foregoing reasons, the Court grants Respondent's motion to dismiss. (R. 10-1.) Accordingly, the Court dismisses with prejudice Eskhiria Gilyana's petition for a writ of habeas corpus as untimely. (R.1-1.) The Clerk of the Court is instructed to enter judgment pursuant to Federal Rule of Civil Procedure 58.

ENTERED:

Judge Ruben Castillo
United States District Court

Dated: December 21, 2001

---

[8] It is interesting that, despite his problems with timeliness in the state court system, Gilyana again almost waited to the last possible day to file this federal petition.

11